IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-328 |
| | ) | |
| DON JUAN MENDOZA | ) | (21 U.S.C. §§ 846, 841(a)(1), |
| EDWARD ALFORD II | ) | 841(a)(1)(A)(ii), 841(b)(1)(D), and |
| DEVON BELL | ) | 856(a)(1); 18 U.S.C. §§ 922(g)(1), |
| PEDRO BLANCO | ) | 924(c)(1)(A)(i), 1956(h), and 371; and |
| DOUGLAS COCHRAN | ) | 31 U.S.C. § 5324(a)(3)) |
| ANTHONY CREWS | ) | |
| JOHN DUCHI, JR. | ) | **[UNDER SEAL]** |
| SEAN DUNGEE II | ) | |
| BRETT FINCIK | ) | |
| KEVIN FORD | ) | |
| MONTY GRINAGE | ) | |
| KAYLIN HOMA-LIGHTFOOT | ) | |
| CHACE JOHNSON | ) | |
| MALIK LAWSON | ) | |
| DEAUBRE LIGHTFOOT | ) | |
| JAMIE LIGHTFOOT, JR. | ) | |
| JAMIE LIGHTFOOT, SR. | ) | |
| TODD MOSES | ) | |
| THOMAS OHLER | ) | |
| ERIC PINNO | ) | |
| BRIAN POWELL | ) | |
| EUGENE REDDICK | ) | |
| TROY ROWE | ) | |
| RICHARD RUSS | ) | |
| WILLIAM SHAW, JR. | ) | |
| HERBERT SHEPPARD | ) | |
| RODDELL SMALLS | ) | |
| QUENTIN VADEN | ) | |

**FILED**

APR 2 4 2018

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## SUPERSEDING INDICTMENT

### COUNT ONE

The grand jury charges:

From in and around January 2015, to in and around December 2017, in the Western

District of Pennsylvania and elsewhere, the defendants, DON JUAN MENDOZA, EDWARD

ALFORD II, DEVON BELL, PEDRO BLANCO, DOUGLAS COCHRAN, ANTHONY CREWS, JOHN DUCHI, JR., SEAN DUNGEE II, BRETT FINCIK, KEVIN FORD, MONTY GRINAGE, MALIK LAWSON, DEAUBRE LIGHTFOOT, JAMIE LIGHTFOOT, JR., JAMIE LIGHTFOOT, SR., TODD MOSES, THOMAS OHLER, ERIC PINNO, BRIAN POWELL, EUGENE REDDICK, TROY ROWE, WILLIAM SHAW, JR., HERBERT SHEPPARD, RODDELL SMALLS and QUENTIN VADEN, did knowingly, intentionally and unlawfully conspire with one another and with persons both known and unknown to the grand jury, to distribute and to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

In violation of Title 21, United States Code, Section 846.

## COUNT TWO

The grand jury further charges:

On or about November 5, 2017, in the Western District of Pennsylvania, the defendants, DON JUAN MENDOZA, PEDRO BLANCO, BRIAN POWELL, and TROY ROWE, did knowingly, intentionally and unlawfully possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and less than 50 kilograms of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(D).

## COUNT THREE

The grand jury further charges:

On or about November 5, 2017, in the Western District of Pennsylvania, the defendant, DON JUAN MENDOZA, after having been convicted on or about August, 8, 1997, at Docket Number 161996CF011839AXXXMA in the 4th Circuit Court of Jacksonville, State of Florida, of the crime of Conspiracy To Traffic in Controlled Substances; and on or about, October 18, 2006, at Docket Number 3:04-cr-230 in the United States District Court for the Middle District of Florida, of the crime of Conspiracy to Distribute 5 Kilograms or More of Cocaine, each of which is a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce firearms, to wit a Romarm/Cugir 762 caliber rifle, and a Taurus PT709 Slim 9mm pistol.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR

The grand jury further charges:

On or about November 5, 2017, in the Western District of Pennsylvania, the defendant, PEDRO BLANCO, after having been convicted on or about January 8, 1997, at Docket Number 131994CF038630E000XX in the 11th Circuit Court of Miami, Criminal Division, State of Florida, of the crime of Manslaughter; on or about May 11, 2004, at Docket Number 132003CF0175320001XX in the 11th Circuit Court of Miami, Criminal Division, State of Florida, of the crime of Burglary; and on or about May 27, 2005, at Docket Number 132005CF001968A000XX in the 11th Circuit Court of Miami, Criminal Division, State of Florida, of the crime of Burglary, each of which is a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce firearms, to wit a Romarm/Cugir 762 caliber rifle and a Taurus PT709 Slim 9mm pistol.

In violation of Title 18, United States Code, Section 922(g)(1).

## **COUNT FIVE**

The grand jury further charges:

On or about December 12, 2017, in the Western District of Pennsylvania, the defendant, MONTY GRINAGE, after having been convicted in the United States District Court for the Western District of Pennsylvania of the following crimes: on or about September 23, 2009, at Criminal Number 02-148, of the crime of possession with intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack, a Schedule II controlled substance; and on or about March 6, 2013, at Criminal Number 12-99, of the crime of possession with intent to distribute a quantity of heroin, each of which is a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, namely a Kel-Tec, Model P-11, 9mm caliber firearm and ten rounds of 9mm caliber ammunition.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIX

The grand jury further charges:

On or about November 5, 2017, in the Western District of Pennsylvania, the defendant, JAMIE LIGHTFOOT, JR., knowingly did possess a firearm, that is, an Israel Weapons Industries 40 caliber Uzi Eagle, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 846, as charged at Count One of this Superseding Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT SEVEN

The grand jury further charges:

On or about November 5, 2017, in the Western District of Pennsylvania, the defendants, DON JUAN MENDOZA, PEDRO BLANCO, BRIAN POWELL, and TROY ROWE, knowingly did possess firearms, to wit, a Romarm/Cugir 762 caliber rifle and a Taurus PT709 Slim 9mm pistol, in furtherance of drug trafficking crimes for which each of them may be prosecuted in a court of the United States, that is conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and less than 50 kilograms of marijuana, a Schedule I controlled substance, contrary to the provisions of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(D) as charged at Counts One and Two of this Superseding Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT EIGHT

The grand jury further charges:

From in and around May 2017, and continuing thereafter to in and around November 2017, in the Western District of Pennsylvania, the defendants, KAYLIN HOMA-LIGHTFOOT and CHACE JOHNSON, did knowingly maintain a place, that is, 146 Harvest Drive, Verona, PA 15147, for the purpose of manufacturing and distributing a controlled substance, namely, cocaine.

In violation of Title 21, United States Code, Section 856(a)(1).

## COUNT NINE

The grand jury further charges:

From in and around January 2016, and continuing thereafter to in and around November 2017, in the Western District of Pennsylvania and elsewhere, the defendants, JAMIE LIGHTFOOT, JR., and TODD MOSES, did knowingly, intentionally and unlawfully conspire together with one another, and with persons both known and unknown to the grand jury, to commit certain offenses against the United States, that is:

To knowingly conduct and attempt to conduct financial transactions involving property representing the proceeds of a specified unlawful activity, that is drug trafficking

      i.      With the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

      ii.      Knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

### MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

      a.      TODD MOSES and JAMIE LIGHTFOOT, JR. discussed and agreed that they would to invest money from drug proceeds into a business owned by TODD MOSES.

      b.      TODD MOSES coordinated interactions between JAMIE LIGHTFOOT, JR. and several other unindicted co-conspirators known to the grand jury, in order for JAMIE LIGHTFOOT, JR. to engage in financial

and business transactions with these unindicted co-conspirators, whereby JAMIE LIGHTFOOT, JR. would invest his drug proceeds in various businesses, which would thereafter generate future "clean" income for JAMIE LIGHTFOOT, JR.

c.     That JAMIE LIGHTFOOT, JR. communicated with these unindicted co-conspirators and TODD MOSES during the charged time frame via text messages.

d.     That JAMIE LIGHTFOOT, JR. created JLLJ, LLC in order to further this conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TEN

The grand jury further charges:

From in and around January 2017, and continuing thereafter to in and around June 2017, in the Western District of Pennsylvania and elsewhere, the defendants, JAMIE LIGHTFOOT, JR., ERIC PINNO, and RICHARD RUSS, did knowingly, intentionally and unlawfully conspire together with one another, and with persons both known and unknown to the grand jury, to commit certain offenses against the United States, that is:

To knowingly conduct and attempt to conduct financial transactions involving property representing the proceeds of a specified unlawful activity, that is drug trafficking.

      i.      With the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

      ii.      Knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and;

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

      a.      JAMIE LIGHTFOOT, JR. set up JLLJ, LLC as a front to aid in the money laundering enterprise, specifically to buy and renovate real estate properties.

      b.      JAMIE LIGHTFOOT, JR. purchased a home, 146 Harvest Drive, Verona, PA, from RICHARD RUSS.

      c.      ERIC PINNO and RICHARD RUSS advised JAMIE LIGHTFOOT,

JR. on how to structure and transfer payments to RICHARD RUSS for the purchase of the house.

d.   ERIC PINNO assisted JAMIE LIGHTFOOT, JR. in structuring the monetary payments to RICHARD RUSS for payment of the house; in addition, ERIC PINNO accepted payments from JAMIE LIGHTFOOT, JR., and then sent those payments to RICHARD RUSS in furtherance of this conspiracy.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT ELEVEN

The grand jury further charges:

From in and around January 2017, to in and around June 2017, in the Western District of Pennsylvania, the defendants, JAMIE LIGHTFOOT, JR., ERIC PINNO, and RICHARD RUSS, knowingly did conspire, combine, confederate, and agree with other persons known to the grand jury, to commit offenses against the United States, that is, structuring of currency transactions to evade the reporting requirements of Sections 5313(a) and 5325 of Title 31, United States Code, and the regulations promulgated thereunder, in violation of Title 31, United States Code, Sections 5324(a)(3).

### MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

a.      JAMIE LIGHTFOOT, JR. agreed to buy 146 Harvest Drive from RICHARD RUSS.

b.      In order to effectuate this purchase, JAMIE LIGHTFOOT, JR. agreed to transfer money to RICHARD RUSS, or transfer money to ERIC PINNO, who would in turn transfer money to RICHARD RUSS.

### OVERT ACTS

a.      JAMIE LIGHTFOOT, JR. and RICHARD RUSS discussed the manner and means in which JAMIE LIGHTFOOT, JR. would transfer money to RICHARD RUSS.

b.      JAMIE LIGHTFOOT, JR. and RICHARD RUSS discussed using ERIC PINNO as an intermediary for the transfers.

c.      RICHARD RUSS instructed JAMIE LIGHTFOOT, JR. to "keep it under the magic number $10,000."

d.      During the charged timeframe, JAMIE LIGHTFOOT, JR. did provide cash to ERIC PINNO; ERIC PINNO, in turn, sent numerous Western Union wire transfers to RICHARD RUSS, all in amounts under $10,000, in order to make payments for the purchase of the house.

In violation of Title 18, United States Code, Section 371.

## **COUNT TWELVE**

The grand jury further charges:

From on or about September 1, 2017, to on or about September 5, 2017, in the Western District of Pennsylvania, the defendant, TODD MOSES, knowingly structured currency transactions to evade the reporting requirements of Sections 5313(a) and 5325 of Title 31, United States Code, and the regulations promulgated thereunder; to wit, TODD MOSES, during this time frame, made repeated cash deposits at the same financial institution in the Western District of Pennsylvania, each deposit being in an amount below the $10,000 reporting threshold; with the total amount of the deposits exceeding the $10,000 reporting threshold.

In violation of Title 31, United States Code, Sections 5324(a)(3).

## **COUNT THIRTEEN**

The grand jury further charges:

From in and around January 2017, and continuing thereafter to in and around June 2017, in the Western District of Pennsylvania and elsewhere, the defendants, JAMIE LIGHTFOOT, JR., JAMIE LIGHTFOOT, SR., and ERIC PINNO, did knowingly, intentionally and unlawfully conspire together with one another, and with persons both known and unknown to the grand jury, to commit certain offenses against the United States, that is:

To knowingly conduct and attempt to conduct financial transactions involving property representing the proceeds of a specified unlawful activity, that is drug trafficking.

i.      With the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

ii.      Knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

a.      The defendants discussed the plan for ERIC PINNO to assist in the establishment of a home healthcare company for JAMIE LIGHTFOOT, JR., in order for JAMIE LIGHTFOOT, JR to provide drug proceeds that would fund the operating costs for running said home healthcare company.

b.      The defendants discussed and agreed that the company would be run by M.A., an individual known to the grand jury, and a relative of JAMIE

17

LIGHTFOOT, SR.

c.     The defendants intended and agreed that said company would then function as a way to launder the unlawful drug trafficking proceeds.

d.     The defendants further intended and agreed that once funded, the company would generate profits for M.A., ERIC PINNO, and JAMIE LIGHTFOOT, SR.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1.      The Grand Jury re-alleges and incorporates by reference the allegations contained in Counts One through Thirteen of this Superseding Indictment for the purpose of alleging criminal forfeiture pursuant to Title 18, United States Code, Section 924(d); Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p); and Title 28, United States Code, Section 2461(c).

2.      As a result of the commission of the violation of Title 21, United States Code, Section 846, charged in Count One of this Superseding Indictment, defendant JAMIE LIGHTFOOT, JR. acquired $612,889.00 in United States currency, which was seized on September 1, 2017 and November 5, 2017; and all of which constitutes and is derived from the proceeds obtained, directly and indirectly, from said violation and was used and was intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 21, United States Code, Sections 853(a)(1), and 853(a)(2).

3.      As a result of the commission of the violation of Title 21, United States Code, Section 846, charged in Count One of this Superseding Indictment, defendant JAMIE LIGHTFOOT, JR. acquired 146 Harvest Drive which constitutes and is derived from the proceeds obtained, directly and indirectly, from said violation and was used and was intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 21, United States Code, Sections 853(a)(1), and 853(a)(2).

4.      As a result of the commission of the violation of Title 21, United States Code, Section 846, charged in Count One of this Superseding Indictment, defendant DON JUAN

MENDOZA acquired $337,488.00 in United States currency, which was seized on November 5, 2017; and all of which constitutes and is derived from the proceeds obtained, directly and indirectly, from said violation and was used and was intended to be used, in any manner or part, to commit or to facilitate the commission of such violation, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 21, United States Code, Sections 853(a)(1), and 853(a)(2).

       5.    As a result of the knowing commission of the violations of Title 18, United States Code, Sections 922(g)(1) and 924(c)(1)(A)(i), charged in Counts Three through Seven of the Superseding Indictment, the firearms alleged in those Counts, which are a Romarm/Cugir, 762 caliber rifle, bearing serial number 1-75730-04, a Taurus PT709 Slim 9mm pistol, bearing serial number TDR50352, and an Israel Weapons Industries 40 caliber Uzi Eagle, bearing serial number 96319375, all of which were seized on November 5, 2017, and a Kel-Tec, Model P-11, 9mm caliber firearm and ten round of 9mm ammunition, seized on December 12, 2017 and which were involved and used in the knowing commission of those offenses, are subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

       6.    As a result of the commission of the violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(D), and 846, charged in Counts One and Two of this Superseding Indictment, defendants DON JUAN MENDOZA, PEDRO BLANCO, BRIAN POWELL, and TROY ROWE used a 2016 Brown and White Forest River Georgetown Recreational Vehicle to commit, or to facilitate the commission of such violation; thereby

subjecting said property to forfeiture to the United States of America pursuant to Title 21, United

States Code, Section 853(a)(2).


A True Bill,

Foreperson


SCOTT W. BRADY
United States Attorney
PA ID No. 88352