**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) 2:17-cr-00328 ) |
| KEVIN FORD, | ) Chief Judge Mark R. Hornak ) |
| Defendant. | ) ) ) |

**MEMORANDUM ORDER**

AND NOW, this 7th day of June, 2021, the Court hereby issues the following Order: The Defendant filed a Consent Motion for Bond at ECF No. 2209 in the above-captioned matter. For the reasons that follow, the Defendant's Motion is GRANTED on the following terms.

### I.   BACKGROUND

On April 24, 2018, a federal Grand Jury returned a Superseding Indictment against Mr. Ford. (ECF No. 135.) Mr. Ford was charged at Count 1 with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. (*Id.*) Mr. Ford originally waived a detention hearing in this matter because he was subject to a state detainer. (*See* ECF No. 674.) In July 2019, he entered a guilty plea to a lesser included offense at Count 1 of the Superseding Indictment pursuant to a plea agreement with the United States, and the Court adjudicated Mr. Ford guilty. (*See* ECF Nos. 1159, 1159-1, 1170.) A sentencing hearing for Mr. Ford as to that charge is currently scheduled for July 27, 2021. (ECF No. 2184.)

On April 26, 2021, Mr. Ford filed a Motion for Release on Bond. (ECF No. 2177.) In that Motion, Mr. Ford moved for bond so that he could be released to state custody. (*Id.*) He explained that he was on parole for a state conviction when he was arrested and charged in this case, and as

1

a result, a detainer was lodged against him by Pennsylvania's Board of Probation and Parole. (*Id.*) Mr. Ford, through counsel, suggested that if the Court were to grant that motion, Mr. Ford would be taken into custody by the state Parole Board to serve time for his parole violation. (*Id.*) The Government consented to the motion. (*Id.*) The Court granted Mr. Ford's motion on May 26, 2021, clarifying that the temporary release was for the sole purpose of allowing Mr. Ford to serve his sentence in state custody. (ECF No. 2208.)

Mr. Ford then filed an Amended Motion for Release on Bond, in which he informed the Court that the original motion for release was likely now moot because the Parole Board had lifted its state detainer on May 6, 2021. (ECF No. 2209.) In his Amended Motion, Mr. Ford moved for release again, but this time asked to return home instead of to state custody.[1] (*Id.*) The Government again consented to the Motion. The matter is ripe for disposition.

## II. DISCUSSION

The Court will review Mr. Ford's Motion under 18 U.S.C. § 3142(i). Under that Section, the Court may "permit the temporary release" of a defendant, "in the custody of a United States marshal or another appropriate person, to the extent that [the Court] determines such release to be necessary for preparation of the person's defense or another compelling reason." 18 U.S.C. § 3142(i). The burden rests with the defendant to show that § 3142(i) permits his temporary release. *United States v. Wilburn*, No. 18-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020). "And to meet this burden, the defendant should present an individualized argument why temporary release is appropriate." *Id.*; *see also United States v. Lee*, 451 F. Supp. 3d 1, 9 (D.D.C. 2020). "There is no 'one-size-fits-all, blanket approach' to resolving" the question of temporary release

---

[1] This Court reaches no conclusion as to how, if at all, this Court's Order(s) will interact with the actions of the state Parole Board, and nothing in this Order should be construed as predicting or determining such matters.

2

under § 3142(i). *United States v. Carter*, No. 18-561-1, 2020 WL 3412571, at *5 (E.D. Pa. June 22, 2020) (citation omitted).

For the Court to grant release under § 3142(i), Mr. Ford must demonstrate: (1) that his temporary release is necessary for the preparation of his defense or another compelling reason, and (2) that he could be released to the custody of the United States Marshal or another appropriate person. *See* 18 U.S.C. § 3142(i). The Court concludes that Mr. Ford meets both factors. First, the combination of the nature of Mr. Ford's detention in the context of the COVID-19 pandemic and Mr. Ford's ability to consult effectively with his counsel regarding the preparation of his upcoming sentencing together constitute a "compelling reason" justifying the Court's consideration of Mr. Ford's temporary release. Second, Mr. Ford has identified to the Court an individual who constitutes a proper "appropriate person" to act as a temporary custodian upon Mr. Ford's temporary release.

A. **"Another Compelling Reason"**

At the outset, the Court notes that when it considers what constitutes a "compelling reason" under § 3142(i), it does so against the backdrop of the Bail Reform Act as a whole. *See Wilburn*, 2020 WL 1899146, at *4. "And if there is anything that permeates the Bail Reform Act, it is Congress's intent that courts consider the defendant's dangerousness and risk of flight when making detention determinations." *See id.* The defendant's danger to the community and risk of flight must therefore "play a meaningful role" in the Court's decision as to whether a "compelling reason" exists to justify temporary release under § 3142(i). *See id.*

Here, it does not appear to the Court that Mr. Ford poses a danger to the community or a flight risk. As to the nature of the current criminal charges against him, Mr. Ford is not accused of a crime of violence nor a crime involving a firearm. And his criminal history also does not involve

3

any crimes of violence or firearms violations. (*See* ECF No. 1265.) In addition, Mr. Ford's sentencing is currently scheduled for a date less than eight weeks from now. Mr. Ford thus has great incentive to abide by all laws and conditions of release in advance of that sentencing. Further, it is notable to the Court that the Government consented to the Motion and does not oppose the temporary release of Mr. Ford.

With that in mind, the Court considers whether the full circumstances of this case present a "compelling reason" for temporary release. The Court finds that they do. Much of Mr. Ford's detention has been during the COVID-19 pandemic, resulting in periods of times where he was unable to contact legal counsel. Other courts have found that the obstacles the pandemic poses to the preparation of a defendant's defense constitutes a compelling reason for release under § 3142(i). *See United States v. Stephens*, 447 F. Supp. 3d 63, 67 (S.D.N.Y. 2020). To adequately prepare for the upcoming sentencing, defense counsel will need Mr. Ford's input to develop and present evidence. An "assessment of the complete context" of this case leads the Court to conclude that a "compelling reason" exists to grant the unopposed motion and allow the temporary release of Mr. Ford. *See Wilburn*, 2020 WL 1899146, at *4.

### B. "Another Appropriate Person"

Section 3142(i) states that any temporary release must be to the United States Marshal or "another appropriate person." 18 U.S.C. § 3142(i). In some instances, a parent or family member can act as a suitable temporary custodian. *See Stephens*, 447 F. Supp. 3d at 66–68. The Probation Office prepared and provided to the Court a release plan for Mr. Ford. That plan identifies Mr. Ford's mother, Ms. Marva Ford, as an appropriate third-party custodian. The Court concludes that Ms. Marva Ford constitutes an "appropriate person" withing the meaning of § 3142(i).

### III.  CONCLUSION

Mr. Ford's Motion for Release on Bond at ECF No. 2209 is hereby GRANTED. Mr. Ford will be released to his mother who will act as a third-party custodian. The Court will set an unsecured bond of $50,000 and will impose appropriate conditions of release. The Clerk of this Court shall provide a copy of this Order, forthwith, to the United States Marshal for this District and the assigned Probation Officer for this case, who shall take all steps necessary to implement this Order according to its terms.

While this Order is effective as of the date of the Order, the Defendant shall be released only as soon as his transportation is arranged and confirmed for his transit to the residence that has been approved by his Probation Officer, and according to this Order, subject to the following: (1) counsel for the Defendant shall make prompt and appropriate arrangements for the Defendant's travel to his place of residence, and defense counsel and the United States Marshal shall work cooperatively to cause such travel to occur as soon as is feasible; and (2) execution by the Defendant and the third-party custodian of the conditions of release and appearance bond ordered by the Court.

/s Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

cc:   All counsel of record